# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK ALAN PATTERSON

            Petitioner,    :        Case No. 3:25-cv-254

   - vs -                             District Judge Thomas M. Rose
                                           Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                :
            Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Mark Alan Patterson pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Greene County Court of Common Pleas and his consequent incarceration in Respondent's custody.  The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 4), the Return of Writ (ECF No. 5), and Petitioner's Reply (ECF No. 8).

**Litigation History**

On August 21, 2020, the Greene County Prosecutor filed a Bill of Information charging Petitioner with one count of violating Ohio Revised Code §2907.02(A)(1)(b)(State Court Record, ECF No. 4, Ex. 1).  At the time of the offenses in suit (September 6, 2016, to September 5, 2019), that statute provided:

1

>(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
>
>(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

On October 9, 2020, Judge Stephen Wolaver, a judge of the Green County Common Pleas Court, filed an Entry recording that Patterson had pleaded guilty, although later court entries list a no contest plea. *Id.* at Ex. 2. The same day Patterson and his attorney signed a waiver of indictment and agreement to proceed by information. *Id.* at Ex. 3. Again on October 9, 2020, Patterson, his attorney, and the prosecutor signed a Plea Agreement form reflecting an agreement to plead no contest to the Information. *Id.* at Ex. 4. Also on October 9, 2020, Judge Wolaver accepted the no contest plea and sentenced Patterson to the term of imprisonment he is now serving, life with parole eligibility after ten years, ten years being the mandatory minimum sentence. *Id.* at Exs. 5 and 6.

Patterson made no objections at sentencing and took no direct appeal and his deadline for doing so was November 9, 2020, thirty days after judgment. More than three years later, on December 7, 2023, Petitioner filed in this criminal case a motion for relief from judgment under Ohio R. Civ. P. 60(b)(5). *Id.* at Ex. 7. In denying that motion, the Common Pleas Court[1] first held that the constitutional claims Patterson was raising could not be made by way of a motion for relief from judgment under Ohio R. Civ. P. 60(b)(5)(Judgment Entry, State Court Record, ECF No. 4, Ex. 10, PageID 149, citing *State v. Parker*, 157 Ohio St.3d 460 (2019), *State v. Shepherd*, 2014-Ohio-1736 Ohio App. 8th Dist. 2014); *State v. Garnett*, 2012-Ohio-5471 (Ohio App. 10th Dist. 2012); *State v. Brenton,* 2007-Ohio-901 (Ohio App. 3d Dist. 2007); and *State v. Randlett*, 2007-

---

[1] By this point in time, Judge Adolfo Tornichio had succeeded Judge Wolaver.

2

Ohio-3546 (Ohio App. 7th Dist. 2007). It noted its authority to "recast irregular motions into whatever category it deems necessary 'to identify and establish the criteria by which the motions should be judged.'" *Id.*, citing *State v. Schlee,* 117 Ohio St.3d 153 (2008). It then re-cast Patterson's 60(b)(5) motion as a petition for post-conviction relief and denied it as untimely. *Id.*

Patterson did not appeal, but filed a complaint for declaratory judgment in the Greene County Court of Common Pleas on February 21, 2024. (Complaint, State Court Record, ECF No. 4, Ex. 11). Judge Tornichio followed the same logic he had applied to the 60(b)(5) motion and dismissed the complaint as an untimely petition for post-conviction relief. *Id.* at Ex. 17. Patterson appealed to the Ohio Second District Court of Appeals which affirmed, holding that a declaratory judgment is a civil remedy and cannot be entered in a criminal case. *State v. Patterson* (Opinion, Sept. 20, 2024, ECF No. 4, Ex. 21). The Supreme Court of Ohio declined jurisdiction over a further appeal (Entry, State Court Record, ECF No. 4, Ex. 24).

On April 1, 2025, Patterson filed an original Petition for Writ of Habeas Corpus in the Ohio Supreme Court *Id.* at Ex. 27. That court dismissed the petition *sua sponte*. *Id.* at Ex. 28.

Patterson filed his Petition in habeas corpus in this Court on July 3, 2025, the date he deposited it in the prison mailing system (Petition, ECF No. 1, PageID 40). He pleads the following single ground for relief:

> **Ground One**: The petitioner's continued incarceration violates his constitutional right to personal liberty because the trial court judgment of conviction against the petitioner for violating Ohio R. C. §2907. 02(A)(l)(b) is void for want of jurisdiction to render it.

*Id.* at PageID 9.

The standard form of petition under 28 U.S.C. § 2254 prescribed by the Rules Governing Habeas Corpus Proceedings calls for a statement of "supportive facts" to be pleaded with respect to each ground for relief. At that place in his Petition, Patterson has written twenty-seven pages

3

of argument instead of stating any historical facts which purport to support his Ground for Relief except:

    (1) the date of enactment of Ohio Constitutional Amendment Issue 1 which is alleged to have been enacted as Article I, Section 22 on December 7th, 2023.

    (2) R.C. § 2907.02 (A)(l)(b) was enacted in 1974.

    (3) There was no consanguinity between the Petitioner and his sexual partner.

    (4) Petitioner's sexual partner was neither pregnant at the time, nor has she ever been.

    (5) In this case, the Petitioner's sexual partner made a voluntary decision to engage in sexual conduct, which is her reproductive right, and the Petitioner assisted her in exercising her right. It could also be said that the Petitioner voluntarily exercised his right to make a reproductive decision and his sexual partner assisted him in carrying out that decision.

## Analysis

**Statute of Limitations**

Respondent contends the Petition is barred by the statute of limitations, noting that it was filed more than twelve months after Patterson's conviction became final on direct appeal (Return ECF No. 5, PageID 424, *et seq*.). Petitioner asserts in his Petition that it is being timely filed:

> **18. TIMELINESS OF PETITION:**
>
> The petitioner's petition for a Writ of Habeas Corpus is timely for multiple reasons:
>
> 1.) The Ohio Supreme Court denied the petitioner's application for a writ of habeas corpus on May 13th, 2025. The State Supreme Court's disposition of the post-conviction issues that are being

4

>> pursued in the federal courts starts the one-year statute of limitations clock under the AEDPA.
>
> 2.) The Ohio Constitutional Amendment on which this petition relies was enacted on December 7th, 2023. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence is another starting point for the one-year statute of limitations clock under the AEDPA. A petition for federal habeas relief by a state prisoner is subject to equitable tolling during the time in which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. The petitioner has been pursuing his habeas rights diligently.
>
> Before the petitioner could file for a federal writ of habeas corpus, he had to exhaust all of his State remedies. The petitioner filed multiple actions in the State courts tolling all but 77 days prior to May 13th, 2025. The listing and dates of the actions were included above.
>
> 3.) "The continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations. " *Kuhnle Bros. v. County of Geauga*, 103 F.3d 516, 522 (6th, 1997). An unconstitutional statute falls under the exception clause because it would present a fundamental miscarriage of justice and a violation of the right of Due Process if not considered.
>
> 4.) Another exception is a voidness challenge (which this is) which may be raised at any time in any court and is not subject to the statute of limitations.

(Petition, ECF No. 1, PageID 38, *et seq*.)

In his Reply, Petitioner acknowledges that the relevant statute of limitations is 28 U.S.C. § 2244(d)(Reply, ECF No. 8, PageID 455, *et seq.)* That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In his Reply, Petitioner, instead of reiterating the arguments made in the Petition, relies on the "triggering date" established by § 2244(d)(1)(D): the date of discovery of the factual predicate. That date, he says, is the date of enactment of Issue 1, December 7, 2023. But that date is not the date of discovery of the factual predicate(s) of his many claims of unconstitutionality of Ohio Revised Code § 2907.02(A)(1)(b). His theory is, as the Magistrate Judge understands it, that Issue 1 made sexual conduct between persons, one of whom was under thirteen, constitutionally protected and retroactively invalidated prior convictions under the statute. Even if that were a correct interpretation of the Amendment[2], its enactment would not be a new factual predicate, but a change in the law. The apparent **factual** predicates of the claim are that (1) Petitioner is a person presumably over eighteen since the conviction was in adult court; (2) the woman with whom he had sex was under thirteen; (3) both he and she consented to the sexual conduct. Petitioner would have known of those facts long before he was charged. That certainly is the factual predicate for

---

[2] The Magistrate Judge does not accept Petitioner's interpretation of the Amendment, but believes the Court should abstain from deciding the merits of that question.

6

many of the claims made in the "supporting facts" of how statutory rape is constitutionally protected conduct under the Fourteenth Amendment, e.g. right of privacy, right of personal liberty, etc.

Even if the date of enactment of Issue 1 were to count at the date of discovery of the factual predicate, the Petition would be untimely under §2244(d)(1)(D) because the Petition was filed more than twelve months after that date. Petitioner claims the benefit of § 2244(d)(2) which tolls the statute during the pendency of any properly filed collateral attack on the judgment, but none of Petitioner's filings after December 7, 2023, count to toll the statute. His Civil Rule 60(b)(5) motion was, as a matter of state law, construed as a petition for post-conviction relief. Such a petition is a collateral attack on a criminal judgment and will toll the statute if it is properly filed, but not if it is untimely. A complaint for declaratory relief is not, as a matter of Ohio law, a collateral attack on a state court criminal judgment and thus Petitioner's declaratory judgment actions did not toll the statute.

At one point Petitioner claims as a triggering date the date on which the Ohio Supreme Court dismissed his direct action for a state writ of habeas corpus which was May 13, 2025 (Entry, State Court Record, ECF No. 4, Ex. 28). That collateral attack on the judgment was not filed until April 1, 2025, far more than twelve months after December 3, 2023. Filings that count as properly filed collateral attacks only toll the statute; they do not re-start it. *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir. 2001).

Actual innocence will excuse a failure to file within the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, reliance on actual innocence requires a petitioner to produce and file new evidence which persuades the District Court that no reasonable juror, considering all the evidence, would be persuaded beyond a reasonable doubt to vote to convict. *Schlup v. Delo*, 513 U.S. 298, 319 (1995); *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). "To be

7

credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 590, citing *Schlup*, 513 U.S. at 324.  Patterson has submitted no new evidence at all and of course no evidence was presented at trial because Patterson admitted the facts alleged in the Information.

Respondent's statute of limitations defense is well taken and the Petition should be dismissed on that basis.

**Procedural Default**

Respondent asserts Patterson has procedurally defaulted his claim by failing to fairly present it to the Ohio courts.  Petitioner responds that the claim was fairly presented to the Ohio Supreme Court in his original petition for writ of habeas corpus.

In his Petition for Habeas Corpus in the Ohio Supreme Court Patterson stated his claim as "The Relator is entitled to his freedom because the trial court judgment of conviction against the Relator for violating R.C. § 2907.02(A)(l)(b) is void for want of jurisdiction to render it." (State Court Record, ECF No. 4, Ex. 27, PageID 287).  His theory is that if a statute is declared unconstitutional, that deprives a court which rendered judgment under the statute of jurisdiction, rendering its judgments void.  *Id.* That is essentially the claim he makes here (See Petition, ECF No. 1, PageID 9).  Respondent's procedural default defense should be overruled.

**Merits**

Petitioner's theory is indeed extraordinary. He believes that by enacting an Ohio constitutional amendment protecting "reproductive rights," the voters of Ohio created a new fundamental right for persons over the age of eighteen to have consensual sex with persons under thirteen and that that right is protected by the United States Constitution and applies retroactively to invalidate convictions for statutory rape that occurred before the amendment was enacted. The Magistrate Judge is unaware of any other person who supports that reasoning or of any person who supported Issue One who did so on the basis that it would have that effect. Certainly Petitioner cites no authority supporting that reading.

Aside from retroactivity, Petitioner's claim presents an issue of Ohio law – what does Issue 1 mean? – and an issue of federal law – if Issue 1 means what Petitioner asserts, does that create a federal constitutional right to release? Although the Court has subject matter jurisdiction to decide those issues, Supreme Court jurisprudence cautions us to avoid interpretations of state law which would create constitutional problems. *Eli Lilly & Co. v. Medtronic, Inc.,* 496 U.S. 661 (1990); *Gwaltney of Smithfield, Ltd., v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49 (1987). Particularly here where no Ohio court has considered the merits of Petitioner's theory[3], this Court should abstain from deciding the merits of Petitioner's claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the

---

[3] Petitioner's theory that the Ohio Supreme Court decided the merits of his claim is inconsistent with a plain reading of its dismissal order which is only slightly longer than its common declination of jurisdiction entry.

9

Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 17, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.