# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK ALAN PATTERSON

        Petitioner,   :        Case No. 3:25-cv-254

   - vs -                         District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                               :
        Respondent.

## DECISION AND ORDER

      This is a habeas corpus case brought *pro se* by Petitioner Mark Alan Patterson pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction for rape in the Greene County Court of Common Pleas. The case is before the Court on Petitioner's Objections ("Objections," ECF No. 10) to the Magistrate Judge's Report and Recommendations ("Report, ECF No. 9) recommending dismissal with prejudice.

      As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.  Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

      The Magistrate Judge found that the Petition was barred by the relevant one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-

132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. §2244(d) because the Petition was filed more than one year after Patterson's conviction became final on direct appeal.

Petitioner objects that he is instead entitled to the triggering date of his discovery of the factual predicate of his claim which he states is the date of enactment of the Ohio Constitutional Amendment adopted as Issue 1 by Ohio voters effective December 7, 2023. For the reasons given in the Report, even if Issue 1 changed the law in the way Petitioner asserts, it would count as a change in the law and not a new factual predicate. Petitioner's citation of circuit court authority from other circuits is unpersuasive and he cites no Sixth Circuit authority supporting his position.

Petitioner also asserts that he satisfies the actual innocence exception to the statute of limitations recognized by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). As the Report concluded

> reliance on actual innocence requires a petitioner to produce and file new evidence which persuades the District Court that no reasonable juror, considering all the evidence, would be persuaded beyond a reasonable doubt to vote to convict. *Schlup v. Delo*, 513 U.S. 298, 319 (1995); *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 590, citing *Schlup*, 513 U.S. at 324. Patterson has submitted no new evidence at all and of course no evidence was presented at trial because Patterson admitted the facts alleged in the Information.

(ECF No. 9, PageID 480-81).

Petitioner does not claim to have submitted any new evidence of the sort required by *Schlup*. Instead, he objects to the Report's insistence that the new evidence must be of factual innocence as compared with legal innocence, relying on Leah M. Litman, *Legal Innocence and Federal Habeas*, 104 VIRGINIA LAW REVIEW 417 (2018). But a law professor, however persuasive, cannot overrule the Supreme Court of the United States which has held that "actual

innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner also claims he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) by virtue of the declaratory judgment actions he filed. To have that effect, a "collateral challenge" to a conviction must be "properly filed." *Artuz v. Bennett*, 531 U.S. 4 (2000). The Report noted that the Ohio courts had found a declaratory judgment action cannot in Ohio be used to challenge a criminal conviction (ECF No. 9, PageID 476, citing *State v. Patterson* (Ohio App. 2d Dist. Sept. 20, 2024, copy at ECF No. 4, Ex. 21)). Petitioner objects that this is in error because the Second District had held a declaratory judgment complaint cannot be properly re-construed as a petition for post-conviction relief. That is an accurate reading of the Second District's opinion, but it does not help Petitioner's case because the Second District also held a declaratory judgment action cannot be filed in a criminal case. Therefore it is not a properly filed collateral challenge to the conviction and has no applicability to § 2244(d)(2).

**Conclusion**

Having reviewed the Report *de novo* in light of the Objections, the Court concludes the Objections are not well taken and they are overruled. The Report is **ADOPTED** and the Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

November 10, 2025.

s/Thomas M. Rose
Thomas M. Rose
United States District Judge